Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 1259 | **DATE** | 2/7/2003 |
| **CASE TITLE** | Gregory M. Williams vs. DBA Urban Computer et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due ____. Reply to answer brief due ____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The defendants' motion to dismiss pursuant to FRCP 12(b)(6) is granted [9-1], [15-1]. The complaint against defendants Michalik, Porter, Smith and Wilson is dismissed. All other pending motions are denied as moot. This case is set for status as to the other defendants on Thursday, March 6, 2003 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 11 2003 | |
| | Notified counsel by telephone. | date docketed | 19 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY M. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DBA URBAN COMPUTER, )<br>AGENT NEIL MURPHY, )<br>THE CITY OF CHICAGO, )<br>OFFICERS JAMES SMITH #12544, )<br>LEIGHA WILSON #16410, )<br>GEORGE PORTER #18680 AND )<br>MICHAEL MICHALIK #2866, )<br>)<br>Defendants. ) | 02 C 1259<br><br>Wayne R. Andersen<br>District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants Michael Michalik, George Porter, James Smith, and Leigha Wilson to dismiss the complaint of Gregory Williams pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On February 19, 2000, plaintiff Gregory Williams was stopped by defendant police officers Porter and Michalik at the corner of Ohio and Orleans Streets in Chicago, Illinois, and told he matched the description of an individual who committed a theft at Urban Computer, a retail store at 300 West Grand Avenue. The plaintiff was taken to the store for identification. When questioned by defendant police officers Smith and Wilson, an employee of the store, Neil Murphy, identified the plaintiff as the individual who committed the theft. The store employee

then signed a criminal complaint for felony retail theft against the plaintiff, which resulted in his arrest. The plaintiff was transported to the Chicago Eighteenth District Police Station in an unmarked squad car, where he claims that Porter and Michalik hit him in the chest, arms, and leg with a flashlight. Upon arriving at the station, the plaintiff contends Smith deprived him of the personal use of his coat when it was taken into evidence. Subsequently, the plaintiff was held in custody at the Cook County Jail until his February 25, 2000 preliminary hearing - a period of seven days. During the hearing, the employee from Urban Computer testified but the trial judge determined that this testimony was an insufficient basis to support the criminal complaint. As a result, the trial judge ordered the criminal case against the plaintiff to be dismissed.

On February 25, 2002, the plaintiff filed a *pro se* complaint against five defendants, including four City of Chicago police officers and Urban Computer, pursuant to 42 U.S.C. § 1983. Specifically, the plaintiff alleged that his civil rights were violated based on the following charges: 1) false arrest; 2) false imprisonment; 3) excessive force/harassment; and 4) unlawful seizure of personal property. On May 24, 2002, a motion to dismiss all counts was filed on behalf of defendants Smith and Michalik. On June 13, 2002, plaintiff filed an amended complaint to add the City of Chicago as a defendant. On July 13, 2002, defendants Wilson and Porter asked leave to join the pending motion to dismiss. The plaintiff filed his response on August 21, 2002.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not

to decide the merits of the challenged claims but to test the sufficiency of the complaint. Weiler v. Household Fin. Corp., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). A *pro se* complaint like the one before us must be construed liberally and held to less stringent standards than those applied to pleadings drafted by attorneys. Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992).

In this motion, the defendants have argued that the complaint should be dismissed for three reasons. The first argument is that the statute of limitations for the plaintiff's Section 1983 claims has run. Second, the defendants contend that the plaintiff's complaint should be dismissed for failure to set out his allegations in separate paragraphs as required by Federal Rule of Civil Procedure 10(b). Lastly, the defendants believe the plaintiff's intentional deprivation of property claim must be dismissed because he has not sought available state law remedies.

## I. Statute of Limitations for Section 1983 claims in Illinois

The defendant is correct in arguing that the plaintiff's Section 1983 claim has expired under Illinois' statute of limitations. Because Section 1983 does not itself contain an express statute of limitations, a federal court must adopt the forum state's statute of limitations for personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938 (1985). This circuit has held that the appropriate statute of limitations for Section 1983 claims filed in Illinois is two years based on 735 ILCS § 5/13-202. See Ashafa v. City of Chicago, 146 F.3d 459, 462 (7th Cir. 1998).

3

The statute of limitations for Section 1983 false arrest claims in Illinois starts to accrue at the time of arrest. See Booker v. Ward, 94 F.3d 1052, 1056-57 (7th Cir. 1996). In other words, the statute of limitations runs two years from the time the plaintiff can plead all elements of the claim. See Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998). The Seventh Circuit has determined that plaintiffs are able to plead false arrest on the day of the arrest regardless of later proceedings. Id. A plaintiff who alleges only that he was arrested and detained without probable cause has only pled false arrest. Id.; see also Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir. 1996). Based on this precedent, the defendants assert that the statute of limitations on all Section 1983 claims began to run on February 19, 2000, the day he was arrested.

However, the plaintiff argues in his response to the motion to dismiss that the statute of limitations should start to accrue on the day the charges for felony retail theft were dropped. This argument implies that the plaintiff intended to state a separate claim for malicious prosecution under Section 1983, which has a two-year statute of limitations that does not start to accrue until the proceedings are terminated in the plaintiff's favor. See Sneed, 146 F.3d at 481. Regardless of the plaintiff's intent, he has not sufficiently pled a Section 1983 malicious prosecution claim. A malicious prosecution claim must allege some action that supports the conclusion that the defendants maliciously prosecuted him, such as perjured testimony from a detective or the introduction of false information or evidence. Id. Williams makes no such allegations of police wrongdoing and accordingly his complaint does not state a malicious prosecution claim.

Thus, the plaintiff's Section 1983 claims must fail because he neglected to file his complaint within the applicable two-year statute of limitations. The plaintiff's arrest occurred on February 19, 2000 and he had two years from that date to file his claim. Since he filed his

4

complaint on February 21, 2002, without any explanation for exceeding the statute of limitations, the plaintiff's Section 1983 claims are time-barred. The expiration of the statute of limitations applies to the plaintiff's false arrest, false imprisonment, and excessive force claims, as all elements of these claims could have been pled as of February 19, 2000.

## II. Intentional deprivation of property claim

The plaintiff does not state a valid claim for deprivation of property under Section 1983. For purposes of this claim, the Supreme Court has held that due process is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 541-43, 101 S.Ct. 1908 (1981). The rationale behind this ruling was that "when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984). Accordingly, the Supreme Court extended their rationale to include intentional deprivations of property by state employees. See id.

A plaintiff seeking to bring a procedural due process claim based on the "random and unauthorized" conduct of a state actor must avail himself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate. See Daniels v. Williams, 474 U.S. 327, 339-40, 106 S.Ct. 662 (1986). The burden is on the plaintiff to show that the state's post-deprivation remedy is not adequate. See Hudson, 468 U.S. at 539 (O'Connor, J., concurring). In this case, the plaintiff's claim for deprivation of property under Section 1983 must fail because the complaint does not allege that Williams sought state law remedies or found such remedies to

be inadequate. Although the plaintiff's complaint does not clearly state how or why he was deprived of his jacket, this Court must assume, for purposes of this motion, that such a deprivation was due to the negligent or intentional act of a city employee. This assumption is supported by the fact that the plaintiff does not challenge, let alone mention, established city procedures in his complaint. Since the deprivation was either a negligent or intentional act by the city employee, the plaintiff must comply with, or show the inadequacy of, state law remedies. This Court finds no indication that the state remedy available under 705 ILCS § 505/8(d) is inapplicable or insufficient to address the plaintiff's deprivation of property claim.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted [Docket # 9-1 and #15-1]. The complaint against defendants Michalik, Porter, Smith, and Wilson is dismissed. All other pending motions are denied as moot. This case is set for status as to the other defendants on Thursday, March 6, 2003.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 7, 2003

6